**NOT FOR PUBLICATION**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Roger Dale White,<br><br>　　　　Movant/Defendant,<br><br>v.<br><br>United States of America,<br><br>　　　　Respondent/Plaintiff. | No. CV-16-02121-PHX-SRB<br>CR-91-00264-PHX-SRB<br>**ORDER** |

Movant/Defendant Roger Dale White ("Defendant") brought this Amended Motion to Vacate, Set Aside or Correct Sentence ("Am. Mot.") (Doc. 17)[1] pursuant to 28 U.S.C. § 2255. The matter was referred to Magistrate Judge Bridget S. Bade for a Report and Recommendation. On March 22, 2018, Judge Bade issued a Report and Recommendation ("R. & R.") (Doc. 27), recommending that the Amended Motion be denied. She further recommended that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be granted. Defendant has filed his objection. (Doc. 28, Obj. to R. & R. ("Obj.").) Having reviewing the record de novo, the Court now adopts the Report and Recommendation and denies the Amended Motion.

**I.　BACKGROUND**

The background of this case was summarized in the Report and Recommendation and is incorporated herein:

---

[1] Defendant filed the Amended Motion as an Amended Petition for Writ of Habeas Corpus by a Person in Federal Custody. The Court nevertheless construes it as an amended motion to vacate, set aside or correct pursuant to 28 U.S.C. § 2255.

> On January 23, 1992, a federal grand jury returned a second superseding indictment against Defendant, Marklin Manuel, George Compton, and Samuel Narcia, charging them each with one count of first-degree premeditated murder, in violation of 18 U.S.C. §§ 1111, 1153; one count of first-degree felony murder/burglary in violation of 18 U.S.C. §§ 1111, 1153, and Ariz. Rev. Stat. §§ 13-1501, 1507, and 1508; one count of first-degree felony murder/attempted robbery, in violation of 18 U.S.C. §§ 1111, 1153, 2111 and 2, and Ariz. Rev. Stat. § 13- 1001; one count of first-degree burglary, in violation of 18 U.S.C. §§ 1153, and Ariz. Rev. Stat. §§ 13-1501, 1507, and 1508; and one count of use of a firearm during a crime of violence, in violation of 18 U.S.C. §§ 942(c), 1153. (CR Doc. 77.) On January 30, 1992, the Court severed the trial of Narcia and Compton from the trial of Defendant and Manuel. (CR Doc. 96.) On February 5, 1992, Narcia pleaded guilty to accessory after the fact to first-degree murder, and agreed to cooperate with the government in exchange for the dismissal of the indictment against him. On January 31, 1992, the Court granted, in part, the remaining Defendants' motion to dismiss the felony murder/burglary count, and the first-degree burglary count, on the grounds of multiplicity. (CR Doc. 100.) On February 12, 1992, the government dismissed the first degree burglary count. (CR Doc. 115.)
>
> On February 25, 1992, a jury found Compton guilty of the two felony murder charges and the charge of use of a firearm during a crime of violence. (CR Doc. 123.) On May 26, 1992, the Court sentenced Compton to a total term of 540 months' imprisonment. (CR Doc. 203.)
>
> On June 11, 1993, a jury found Defendant and Manuel guilty of the two felony murder-burglary charges, felony murder-attempted robbery, and use of a dangerous weapon in violation of 18 U.S.C. § 924, but not guilty of the premeditated murder charge. (CR Docs. 218, 219; Doc. 17 at 1.) In September 1992, the Court sentenced Manuel and Defendant to two terms of life imprisonment on the felony murder charges, to be served concurrently, and sixty months' imprisonment on the use of a dangerous weapon charge, to be served consecutively to their life sentences. (CR Doc. 278, 279; Doc. 17 at 2.) Defendant appealed his convictions and sentences to the Ninth Circuit Court of Appeals, and the court affirmed his convictions and sentences on October 28, 1993. (Doc. 17 at 2.) The United States Supreme Court denied certiorari on May 2, 1994. (*Id.*)

(R. & R. at 2–3.)[2]

Defendant timely moved to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. He makes one argument: the Government and the sentencing judge

---

[2] References to the "CR Doc." are to filings in Petitioner's criminal case (No. 91–CR–264–PHX–SRB).

- 2 -

improperly relied on testimony by a Federal Bureau of Investigation ("FBI") laboratory hair examiner to argue that Defendant had used a two-by-four board to beat the victim. (Am. Mot. at 4.) The agent had testified that hairs found on the board were consistent with hair samples from the victim. (*See* R. & R. at 6–7.) This testimony was later discredited because associating hair samples with a specific individual to the exclusion of others is scientifically impossible. (*See* Am. Pet., Ex. 1 (June 30, 2016 letter).) Defendant maintains that this testimony was indispensable to securing his conviction and life sentence. (Am. Mot. at 4.) Judge Bade disagreed, characterizing the testimony's admission as harmless error and recommending the Amended Motion be denied. (R. & R. at 10–14.) Defendant timely objected.

**II.     LEGAL STANDARD AND ANALYSIS**

A federal prisoner is entitled to relief from his sentence if it was "imposed in violation of the United States Constitution or the laws of the United States, . . . was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A district court "must make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). A court need only review those portions objected to by a party, meaning it can adopt all other portions without further review. *See United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Defendant does not dispute the Report and Recommendation's finding that he is entitled to relief only if the testimony's admission was not harmless. Rather, his objection attempts to place the burden of proving harmlessness on the Government. (Obj. at 1.) The Ninth Circuit applies the harmless error standard announced by the Supreme Court in *Brecht v. Abrahamson*[3] to § 2255 motions. *See United States v. Montalvo*, 331 F.3d 1052, 1057 (9th Cir. 2003). Under *Brecht*, movants are not entitled to relief for a trial error "unless they can establish that it resulted in actual prejudice." 507 U.S. at 637. The test is

---

[3] 507 U.S. 619 (1993).

"whether the error had substantial and injurious effect or influence in determining the jury's verdict." *Id.* The same rule governs sentencing errors. *See Date v. Schriro*, 619 F. Supp. 2d 736, 768 (D. Ariz. 2008). Defendant adds that any uncertainty about harmlessness necessarily favors him, not the Government. *See O'Neal v. McAninch*, 513 U.S. 432, 445 (1995) ("[W]hen a habeas court is in grave doubt as to the harmlessness of an error that affects substantial rights, it should grant relief."). This is true. But the Court harbors no such hesitation here.

The agent's testimony, though erroneously admitted, was hardly the linchpin to the Government's case. As the Report and Recommendation details, the remaining evidence provided ample basis for the jury and the sentencing judge to conclude that Defendant used the two-by-four as a weapon to beat the victim. (*See* R. & R. at 12–14.) Though the agent's testimony may have bolstered this view, its excision does not raise any "grave doubt" about the integrity of Defendant's conviction and sentence. *See O'Neal*, 513 U.S. at 445. Therefore, the Court agrees with the Report and Recommendation that Defendant is not entitled to § 2255 relief.

## III. CONCLUSION

Defendant's objection to the Report and Recommendation is overruled. Though the agent's testimony was erroneously admitted, the Court has no reason to believe that it actually prejudiced Defendant's substantial rights. The Court accordingly adopts Judge Bade's Report and Recommendation that the Amended Motion be denied.

**IT IS ORDERED** overruling Defendant's Objection to the Magistrate Judge's Report and Recommendation (Doc. 28).

**IT IS FURTHER ORDERED** adopting the Report and Recommendation of the Magistrate Judge as the Order of this Court (Doc. 27).

**IT IS FURTHER ORDERED** denying the Amended Motion to Vacate, Set Aside or Correct Sentence (Doc. 17).

/ / /

/ / /

**IT IS FURTHER ORDERED** granting a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal.

**IT IS FURTHER ORDERED** directing the Clerk to enter judgment.

Dated this 21st day of May, 2018.

_____
Susan R. Bolton
United States District Judge